Peck, J.
delivered the opinion of the court.
It appears by the record, that the securities first given for the faithful discharge of the duty of the guardian, ruled him to other security; that most of the estate was in the hands of the guardian when the bond on which this action was founded, was executed. The breaches assigned in the declaration were in the negative of all the matters to.be performed by the .guardian. But as the case turns upon the charge of the court, it is not material to dwell upon the pleadings minutely.
The court instructed the jury, “that Smith and Reese *266 were only responsible for what effects of said estate had come into the hands of said guardian after the date of said bond, and that their liability did not extend beyond that time; that no one but a general guardian could make demand of tbe money from Sharp; that if the estate of James Quarles was wasted, or converted by Sharp to his own use, anterior to the date of the bond of Reese and Smith, they were not responsible for either principal or interest, as the interest followed the principal.”
Nominal damages were given by the jury; a new trial moved for and denied; judgment rendered for the defendants; writ of error to this court.
The charge of the court was erroneous. These securities were bound, in the language of the condition of the bond, for the faithful execution of the guardianship which had been before granted, by securing and improving the estate that shall come into his possession; and render an account, and deliver up or pay to said Quarles, all such estate as he ought to be possessed of; or to such other person as shall be lawfully empowered to receive the same; and to do and perform all and every act and duty which by law guardians are required to do and perform.
The act of 1762, ch. 5, sections 21, 22, gives securities power to require other or counter security for their indemnity; and the court is authorized to cause the estate to be delivered up, keeping constantly an eye single to the better securing such orphan’s estate.
When the guardian gave this additional bond, his relation to the estate of his ward was in nowise changed; he had surrendered nothing. But the act, if it needed construction, might well be taken as having made a new committal of the estate in the hands of the guardian. It is sufficient, however, to say, that he was bound to improve the estate, and to account and pay over to the person authorized to receive the same.
As to the demand that should be made of a guardian, it is sufficient in this case to say, that the suit was a de *267 mand; and the breaches assigned, if taken as true, shew that demand in that form was neither out óf time or unreasonable. If the guardian had not collected the estate, had failed to improve it, or to account and pay over, the condition of the bond was broken, and the action in this form lay.
This, in our opinion, is the view the circuit judge should have taken of the subject. The charge being erroneous, the judgment is reversed, and the cause remanded, to be proceeded in according to this opinion.
Judgment reversed.